UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Irwin Guzman, | Case No.: 16-cv-2659-MMA-AGS |
|---|---|
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTED COUNSEL (Doc. 21);** |
| v. | **ORDER TO SHOW CAUSE;** |
| Spearman, Warden, | **AND** |
| Respondent. | **REPORT AND RECOMMENDATION ON GROUND SIX** |

Petitioner Irwin Guzman moves for appointed counsel to assist with his habeas corpus petition. For the reasons below, the Court denies this request, orders him to show cause for failing to exhaust Ground Five, and recommends dismissing Ground Six with leave to amend.

### A. <u>Appointed Counsel</u>

Guzman requests appointed counsel because: he has "no legal training"; the case presents complex legal issues; he has attention deficit hyperactivity disorder and bipolar disorder; and he is a slower learner who needed assistance from a prison tutor to even write the current motion. (ECF No. 21, at 1, 4-5.) Also, he points out that as a child he was in special education class, and that it is "only a matter of time until I have no help from anyone[.]" (ECF No. 21, at 5.) "The Sixth Amendment right to counsel does not extend to habeas petitions, although some financially eligible petitioners may obtain counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Chaney v. Lewis,* 801

F.2d 1191, 1196 (9th Cir. 1986); *see also Coleman v. Thompson,* 501 U.S. 722, 756–57 (1991). To meet that standard, the case must suggest that "appointed counsel is necessary to prevent due process violations." *Chaney,* 801 F.2d at 1196. Additionally, petitioners may receive appointed counsel if they have such limited education that they are incapable of presenting their claims. *Hawkins v. Bennett,* 423 F.2d 948, 950 (8th Cir. 1970).

The Court finds that Guzman's due process rights are not in jeopardy here, and that he has proven himself to be sufficiently capable of pursuing habeas relief on his own. Notwithstanding his arguments to the contrary, his six grounds for relief are not unusually complicated. Guzman mentions that he needed a prison tutor's aid to write the current motion (and that tutor may soon be leaving), but all of Guzman's filings throughout this litigation have thus far been clearly and logically presented. Thus, the Court **DENIES** his request for appointed counsel at this time.

### B. Order to Show Cause for Failing to Exhaust Ground Five

Guzman's fifth ground for relief is that the "cumulative effect of the errors below rendered [his] trial fundamentally unfair in violation of his due process rights." (ECF No. 1, at 14.) It appears Guzman never raised this claim in any state proceedings, and it was not mentioned in the state appellate court's opinion. *People v. Garcia*, 199 Cal. Rptr. 3d 399 (Cal. Ct. App. 4th Dist. 2016), *rev. denied*, (June 8, 2016). A prisoner must exhaust his state court remedies before filing a federal habeas petition by fairly presenting his claims to the state courts. 28 U.S.C. § 2554(b)(1); *Wooten v. Kirkland*, 540 F.3d 1019, 1025-26 (9th Cir. 2008). Thus, the Court **ORDERS** Guzman to file a memorandum, by August 4, 2017, explaining why Ground Five should not be dismissed for failing to exhaust his state court remedies.

### C. Report and Recommendation Regarding Ground Six

In Ground Six, Guzman seeks to "join in all arguments raised by the co-appellants that may accrue to his benefit." (ECF No. 1, at 14.) Although such "beneficial joinder" is permitted in California state courts, "the Rules Governing Section 2254 Cases in the United States District Courts do not permit such joinder arguments." *Hansen v. Johnson*,

2

16-cv-2659-MMA-AGS

No. 12CV1741 AJB (DHB), 2014 WL 1379275, at *18 (S.D. Cal. Apr. 8, 2014). Even if this procedure were allowed in federal court, Guzman does not specify any co-appellant or case to which this court could even refer. Thus, this Court recommends **DISMISSING** Ground Six, but granting Guzman leave to amend his petition.

If the District Judge allows Guzman to file an amended petition, Guzman's new petition must include every single claim for which he can seek federal relief—whether the claim is new or old—without reference to any other person's filing, and he must set out the factual basis for each and every claim. Guzman is reminded that he may only include claims that are timely and exhausted, unless he can show good cause for failing to exhaust or for failing to timely bring the claims.

Upon being served with a copy of this report, the parties have 14 days to file any objections. Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: July 13, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge