UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Irwin GUZMAN, | Case No.: 16-cv-2659-MMA-AGS |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION TO GRANT PETITIONER'S UNOPPOSED MOTION TO AMEND (ECF No. 31)** |
| v. | |
| Warden SPEARMAN, | |
| Respondent. | |

Petitioner Irwin Guzman moves to amend his habeas petition to add a new claim. This request is unopposed, and the Court recommends that it be granted.

## **BACKGROUND**

On October 26, 2016, Guzman filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In Ground Six of that petition, which is at issue here, Guzman challenged his conviction and sentence by referring to outside-the-record pleadings, stating: "Joinder in Co-Appellant's petition for review by this Court. Guzman hereby joins in all arguments raised by the co-appellants that may accrue to his benefit." (ECF. No. 1, at 14.) On July 13, 2017, this Court criticized that claim for failing to identify whose arguments Guzman was attempting to join, among other problems. (ECF No. 22, at 2-3.) Perhaps in response to that criticism, Guzman moved to amend his petition to join in particular individuals' specified arguments in state proceedings, including an argument challenging the due process effects of an alleged jury instruction defect. (ECF No. 31, at 1.) After ordering a response,

respondent concluded that such a claim appears to be both timely and fully exhausted and does not object to the amendment. (ECF No. 34, at 4-7.)

## **DISCUSSION**

Federal Rule of Civil Procedure 15 controls a request to amend a § 2254 petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rule 15(a)(2) instructs that leave to amend requires court permission in these circumstances, but cautions that such permission should be given "freely . . . when justice so requires." The factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court construes the pending motion as a request to clarify the existing Ground Six. All of the *Foman* factors favor allowing the amendment.

This is Guzman's first request to amend, respondent did not identify any prejudice, and there is no suggestion of bad faith or dilatory motive. Although there has been some delay in Guzman's identification of the basis for Ground Six, he moved diligently as soon as this Court questioned the basis for that ground. Finally, although the current Ground Six does arguably include all of the grounds Guzman wishes to add by amendment, this amendment will clarify the exact issues and will make Ground Six easier both to respond to and to adjudicate. Accordingly, it is not futile.

For those reasons, this Court recommends that:

1. Guzman's motion to amend (ECF No. 31) be **GRANTED**;
2. Guzman be directed to file an amended petition within 30 days of the Court's adoption (or modification) of this report and recommendation;
3. Guzman be instructed to include in his amended petition only the original six claims, with the sixth modified with the relevant language in his motion to amend; and

4. the respondent be given 30 days from the date of the amended petition to file its brief—as the state court records have already been filed—and Guzman be given 30 days from that date to file his reply brief.

Upon being served with a copy of this report, the parties have 14 days to file any objections. *See* Fed. R. Civ. P. 72(b)(2). Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See id*.

Dated: November 1, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge